UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FLAMAGAS, S.A.,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>SHENZHEN YOCAN TECHNOLOGY LTD., and DAKOTA IMPORT, LLC d/b/a YOCAN USA,<br><br>　　　　　　　　Defendants. | 4:22-CV-4035-LLP<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS** |

Pending before the Court is Defendant, Dakota Import, LLC d/b/a/ Yocan USA's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint filed by Plaintiff, Flamagas, S.A. For the following reasons, the Motion to Dismiss is denied.

**BACKGROUND**

Plaintiff is a manufacturer of the "Clipper Lighter," which it alleges is a reusable, refillable lighter with a famously and inherently distinctive trade dress known to the consuming public and throughout the lighter industry as the "Jet Flame" trade dress. (Doc. 1, ¶¶ 9, 10). On March 4, 2022, Plaintiff Flamagas, S.A., filed a complaint against Defendants Shenzhen Yocan Technology, Ltd. and Dakota Import, LLC d/b/a Yocan USA. (Doc. 1). Plaintiff alleges that Defendant Shenzhen Yocan Technology Ltd. began selling a vaporizer to United States consumers through Yocan USA which bears a trade dress with a striking resemblance to its Jet Flame Trade Dress. (Doc. 1, ¶ 21). Plaintiff alleges that Defendants' use in commerce of its trade dress for goods that are directly competitive with, highly similar, or identical to the goods offered by Plaintiff without its consent is likely to confuse or deceive the public into believing that the goods are licensed, franchised, sponsored, authorized or otherwise approved by Flamagas. (Doc. 1, ¶ 48). In its complaint, Plaintiff alleges the following claims against Defendants: 1) Count I - federal trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a); 2) Count II - federal unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); 3) Count

1

III - South Dakota Deceptive Trade Practices Act; 4) Count IV - common law trade dress infringement; and 5) Count V - common law unfair competition. (Doc. 1).

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1) creates a federal cause of action for trade dress infringement. The trade dress of a product is the "total image of a product, the overall impression created, not the individual features." *Insty\*Bit, Inc. v. Poly-Tech. Indus., Inc.*, 95 F.3d 663, 667 (8th Cir. 1996) (citation omitted). A trade dress is entitled to protection under section 43(a) of the Lanham Act if: (1) it is inherently distinctive or has acquired distinctiveness through secondary meaning; (2) it is primarily nonfunctional; and (3) its imitation would result in a likelihood of confusion in consumers' minds as to the source of the product. *Id.* Likelihood of confusion is also a required element for Plaintiff's unfair competition and false designation of origin claim alleged in Count II under the Lanham Act, as well as Plaintiff's deceptive trade practices, common law trade dress infringement, and unfair competition claims alleged in Counts III, IV and V. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 781 (1992) (Stevens, J., concurring) ("Whether we call the violation infringement, unfair competition, or false designation of origin, the test is identical—is there a likelihood of confusion?").

Defendants have moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint in its entirety arguing that based on the facts alleged, the Court should rule as a matter of law that there can be no likelihood of confusion as to the source of the YOCAN vaporizer. (Doc. 20 at 89-90). Defendants provide that attached to Plaintiff's complaint is a screenshot from Yocan USA's website displaying an image of the YOCAN vaporizer. (Doc. 20 at 87). Defendants argue that the Court should, based on this image, find that the YOCAN name is prominently displayed on the side of the vaporizer and conclude as a matter of law that based on this fact, there can no likelihood of confusion. (Doc. 20 at 90) (citing *Bose Corp. v. Linear Design Lags, Inc.*, 467 F.2d 304 (2d Cir. 1972)). Defendants also argue that the Court should find that based on the illustration of the Clipper Lighter in Plaintiff's complaint, and the YOCAN vaporizer attached as an exhibit to Plaintiff's complaint, that "when taken as a whole," the products are not physically similar in any manner that is likely to cause consumer confusion." (Doc. 20 at 91) (citing *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1046 (2d Cir. 1992)). Defendants argue its vaporizer is distinct from the Clipper Lighter in the following ways: 1) it is a vaporizer, not a cigarette lighter; 2) it does not have a "set of circular gears surrounded by a semi-

circular barrier," 3) it does not have a "rectangular extension on one side;" and 4) has other distinct elements that further differentiate it from the Clipper Lighter. (Doc. 20 at 91-93).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court assessing such a motion must accept all factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010); *Brooks v. Midwest Heart Group*, 655 F.3d 796, 799 (8th Cir. 2011). Courts consider "plausibility" by " 'draw[ing] on [their own] judicial experience and common sense.' " *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts must " 'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.' " *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)).

In considering a 12(b)(6) motion to dismiss, courts primarily look to the complaint and " 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## DISCUSSION

Defendants move to dismiss Plaintiff's complaint in its entirety on the basis that no likelihood of confusion exists based on a side-by-side comparison of the Clipper Lighter and the YOCAN vaporizer.

The Court does not find any basis upon which to rule as a matter of law that under the facts alleged, the YOCAN vaporizer is not likely to cause consumer confusion. Courts in this circuit have consistently stated that likelihood of confusion is a factual question. *See ConAgra, Inc. v.*

*George A. Hormel & Co.*, 990 F.2d 368, 371 (8th Cir. 1993); *SquirtCo. v. Seven-Up Co.*, 628 F.2d 1086, 1090-91 (8th Cir. 1980) ("Likelihood of confusion is a finding of fact.").

There are six different factors a court may take into consideration in determining whether a likelihood of confusion exists: (1) the strength of the trade dress; (2) the similarity between the parties' trade dress; (3) the competitive proximity of the parties' products; (4) the alleged infringer's intent to confuse; (5) evidence of actual confusion; and (6) the degree of care reasonably expected of potential customers. *Children's Factory, Inc. v. Benee's Toys, Inc.*, 160 F.3d 489, 494 (8th Cir. 1998) (citing *Co-Rect Prod., Inc. v. Marvy! Adver. Photography, Inc.*, 780 F.2d 1324, 1330 (8th Cir. 1985)). The Eighth Circuit has stated that these factors are "not entirely separable," *Kemp v. Bumble Bee Seafoods, Inc.*, 398 F.3d 1049, 1054 (8th Cir. 2005), and that no single factor is controlling in the analysis, *Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1009 (8th Cir. 2011) ("Under *SquirtCo.* [*v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980)], no one factor controls, and because the inquiry is inherently case-specific, different factors may be entitled to more weight in different cases."). The Eighth Circuit Court of Appeals has specifically stated that it "is in inappropriate to conduct a side-by-side comparison of the elements of two products' trade dress," as Defendant asks the Court to do on this motion to dismiss, "without reference to the senior mark's strength or the market conditions under which likely consumers would see the marks." *Kemp*, 398 F.3d at 1054. It is therefore inappropriate for the Court at this stage to weigh the facts alleged and rule as a matter of law based on a side-by-side comparison of the products that no likelihood of confusion exists.

The fact that the YOCAN brand may be prominently displayed on the vaporizer does not alter the Court's conclusion. The Eighth Circuit has stated that the display of the manufacturer's name on a product is not always determinative of the confusion issue. *Vitek Sys., Inc. v. Abbott Labs.*, 675 F.2d 190, 193 (8th Cir. 1982) (citing *Fisher Stoves, Inc. v. All Nighter Stove Works*, 626 F.2d 193, 195 (1st Cir. 1980)). The facts of this case are distinguishable from those involving high-priced, single-purchase articles where "there is hardly likelihood of confusion or palming off when the name of the manufacturer is clearly displayed." *Id.*

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc. 19) is DENIED.

Dated this 18th day of January, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____